OPINION
In this appeal, submitted on the record and the briefs of the parties, appellants, Kathryn Y. Turner, Raymond Barnes, Dania Turner, and Edward Daugherty, IV, appeal from the judgment of the Ashtabula County Court of Common Pleas entered on June 25, 1999. This matter arose out of an automobile accident wherein one Ryan Turner was killed. Appellants filed a declaratory judgment action against appellee, Erie Insurance Group ("Erie"), seeking payment under the underinsured motorist provision of the applicable policy. Erie filed a motion for summary judgment, which the trial court granted. The trial court filed an additional order establishing that its grant of summary judgment was a final appealable order pursuant to Civ.R. 54(B). The following facts are relevant to a determination of this appeal.
Ryan Turner was passenger in a car that was hit broadside by a car driven by Thomas Middleton ("Middleton"). Ryan Turner and another passenger were killed. The liability of Middleton is not in question. Middleton was insured by American Select Insurance Company ("American Select"). Middleton's policy provided for coverage in the amounts of $100,000 per person per accident, and $300,000 per occurrence. American Select paid $100,000 to the estate of Ryan Turner. After attorney fees were paid, the balance of this recovery was divided among six beneficiaries of Ryan Turner's estate.
Erie insured the vehicle in which Ryan Turner was a passenger. The applicable policy contained uninsured/underinsured motorist coverage in the amount of $100,000 per person per accident, and $300,000 per occurrence. Appellants submitted a claim to Erie seeking payment from the underinsured motorist provision of the policy. Erie denied the claim. Appellants filed suit. Appellants argued that each of the six beneficiaries of Ryan Turner's estate are entitled to payment under the underinsurance provision. Therefore, they argued, they were underinsured in the amount of $535,000 because, after attorney fees were paid, they only received approximately $65,000 from American Select. Appellants argue the estate is entitled to full payment under the Erie policy.
The trial court, applying R.C. 3937.18(A)(2), concluded that Erie was entitled to set off any amount paid to the estate by the tortfeasor's insurance policy against any amount Erie might owe the estate under the underinsurance provision of its policy. As American Select paid $100,000, and Erie's policy only provided $100,000 in coverage, the trial court concluded Erie had no liability under the underinsurance provision of the policy. Appellants also raised two constitutional challenges to R.C. 3937.18, which the trial court found lacked merit. The trial court granted Erie's motion for summary judgment. From this judgment, appellants timely filed notice of appeal, assigning the following error:
 "The trial court erred in granting summary judgment in favor of defendant-appellee Erie Insurance Group on plaintiffs-appellants' claims for underinsured motorist coverage for the wrongful death of Ryan Turner."
 The standard of review for summary judgment is the same for both a trial and an appellate court. Lorain Natl. Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127, 129. Our review is de novo. Burkholder v Straughn (June 26, 1998), Trumbull App. No. 97-T-0146, unreported, at 5.
Civ.R. 56(C), which provides the standard governing motions for summary judgment, states in pertinent part that:
 "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. * * *"
 In construing Civ.R. 56(C), the Supreme Court of Ohio has stated that the moving party bears the burden of establishing that: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds, construing the evidence in favor of the nonmoving party, can come to but one conclusion and that conclusion is adverse to the party opposing the motion. Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66; Morris v. Ohio Cas. Ins. Co. (1988), 35 Ohio St.3d 45, 46-47.
Within appellants' assignment of error, three issues are presented for review. First, appellants argue that because R.C. 3937.18(A)(2) allows a set off against underinsured motorist coverage only of the amount "available for payment to the insured," underinsured motorist coverage exists as a matter of law where the amount available for payment is less than the underinsured motorist limits. Appellants argue that the amount available for payment was less than the underinsured motorist limits of the policy in question.
R.C.3937.18(A)(2) states as follows:
 "Underinsured motorist coverage, which shall be in an amount of coverage equivalent to the automobile liability or motor vehicle liability coverage and shall provide protection for insureds thereunder against loss for bodily injury, sickness, or disease, including death, suffered by any person insured under the policy, where the limits of coverage available for payment to the insured under all bodily injury liability bonds and insurance policies covering persons liable to the insured are less than the limits for the insured's uninsured motorist coverage. Underinsured motorist coverage is not and shall not be excess insurance to other applicable liability coverages, and shall be provided only to afford the insured an amount of protection not greater than that which would be available under the insured's uninsured motorist coverage if the person or persons liable were uninsured at the time of the accident. The policy limits of the underinsured motorist coverage shall be reduced by those amounts available for payment under all applicable bodily injury liability bonds and insurance policies covering persons liable to the insured." (Emphasis added.)
 Regardless of whether this court agrees with the legislature's judgment in the current enactment of R.C. 3937.18(A)(2), this provision provides clear direction under the facts of this case. In the present analysis, the effective section of R.C.3937.18(A)(2) states "[t]he policy limits of the underinsured motorist coverage shall be reduced by those amounts available for payment under all applicable bodily injury liability bonds and insurance policies covering persons liable to the insured." Ryan Turner's estate was paid $100,000 by American Select. The available underinsured motorist coverage under Erie's policy was for $100,000. Erie has no liability under this provision.
In making their arguments, appellants rely on the Supreme Court of Ohio's holding in Motorists Mut. Ins. Co. v. Andrews (1992),65 Ohio St.3d 362. As this court has previously noted, Andrews is pre S.B. 20 law and, as a result of S.B. 20, is no longer considered viable. See Pearson v. Motorist Ins. Cos. (Sept. 1, 2000), Ashtabula App. No. 99-A-0009, unreported; Maric v. Adams (Mar. 31, 2000), Lake App. No. 98-L-142, unreported, at 13; Smock v. Hall (Jan. 22, 1999), Geauga App. No. 97-G-2090, unreported, discretionary appeal allowed (1999),86 Ohio St.3d 1406, appeal dismissed (2000), 87 Ohio St.3d 1250;Littrell v. Wigglesworth (March 13, 2000), Butler App. Nos. CA99-05-092, CA99-08-141, unreported, 2000 Ohio App. LEXIS 933; King v. W.Res. Group (1997), 125 Ohio App.3d 1, discretionary appeal not allowed (1998), 81 Ohio St.3d 1502.
In their second issue presented for review, appellants argue that R.C.3937.18 violates the Equal Protection clauses of the Ohio and United States Constitutions by placing restrictions on wrongful death damages for certain classes of people without a rational basis for the restriction. Appellants argue R.C. 3937.18 limits the amount of damages available for wrongful death resulting from automobile accidents, while not limiting wrongful death damages to people killed in other fashions.
R.C. 3937.18 regulates insurance contracts. It does not place any limit on the amount of damages available in a suit for wrongful death. Appellants' action for wrongful death lies against the tortfeasor, not the tortfeasor's insurance company. Appellants may pursue a judgment against the tortfeasor in the appropriate amount. We understand and sympathize with appellants, in that, as a practical matter, the amount available may be limited to the available insurance coverage. Nevertheless, as a matter of law, R.C. 3937.18 cannot be construed as placing any limitation on the amount an aggrieved party may obtain in judgment against the tortfeasor in an action for wrongful death.
In appellants third issue presented for review, appellants argue that R.C. 3937.18 violates Section 19(A), Article I, of the Ohio Constitution which provides that damages arising from wrongful death cannot be limited by law. As just stated, R.C. 3937.18 places no limitations on the amount of a judgment a plaintiff may obtain in an action brought for wrongful death.
Appellants' assignment of error is without merit. The judgment of the trial court is affirmed.
 __________________________________ PRESIDING JUDGE WILLIAM M. O'NEILL
CHRISTLEY, J., NADER, J. concur.